## MATTER OF SIAS

### In Exclusion Proceedings

### A-8731121

### *Decided by Board May 6, 1965*

Appellant, who was admitted to the United States for permanent residence in 1954 when 7 years of age; who was immediately returned by her father to Mexico where she has since continuously resided except for temporary visits to this country when 12 years old, was inadmissible under section 212(a)(20), Immigration and Nationality Act, at the time of her application for admission as a returning resident on November 2, 1964, upon presentation of Form I-151 issued to her shortly after her 1954 entry, since she was not returning to an unrelinquished lawful permanent residence after a temporary absence abroad.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of valid immigrant visa or similar entry document.

The case comes forward on appeal from the order of the special inquiry officer dated December 30, 1964, finding the appellant inadmissible on the ground stated above and ordering that she be excluded and deported from the United States.

The record relates to a native and citizen of Mexico, born May 20, 1947, who is presently applying for admission to the United States as a returning resident alien. She presented a Form I-151, Alien Registration Receipt Card, also known as a resident alien's border crossing card, showing that she was admitted for permanent residence on August 24, 1954, at El Paso, Texas. The appellant received this card shortly after she immigrated to the United States and has not since that time applied for or received any other entry document of any kind from the Service or from the American Consulate in Mexico.

The record establishes that the appellant's father is a native and citizen of Mexico and her mother is a native-born citizen of the United States. The mother married the father in Mexico in 1940. The mother had moved to Mexico when she was five years old. On

August '24, 1954, the father and the five children, including the appellant, were admitted to the United States for permanent residence. Inasmuch as the father did not have a place to reside in the United States, was not steadily employed, and could not afford to remain in the United States, he sent the children, including the appellant, back to Mexico in a taxi to reside with the mother. The appellant has resided in Mexico continuously since then except for visits of two or three months each with relatives when 12 years old. She married a United States citizen on February 22, 1964 when she was 16 years old, lived with her husband for about a month until he entered the service, then lived with his mother in El Paso, Texas and returned to Mexico in September 1964 after birth of her baby in El Paso, Texas on September 6, 1964. At the time she applied for admission into the United States on November 2, 1964 and was held for a hearing before a special inquiry officer under the provisions of section 235(b) of the Immigration and Nationality Act, as amended, the appellant intended to go to El Paso, Texas to wash clothes and intended to resume her residence in El Paso as soon as possible since it is her husband's desire that she live with his mother during his absence in the armed forces.

Counsel contends that an infant, such as the appellant who was then seven years old, who secures an immigration visa and is thereafter absent because of the will and domination of the parents, has not voluntarily departed and has not lost the rights obtained under an immigration visa, if she returns at the first opportunity after emancipation, since she was theretofore under legal compulsion to accompany and be subject to parental authority. He cites a number of cases which hold that an unemancipated minor who was absent from the United States in company with his parents does not make an entry upon his return from such departure and is not subject to exclusion as a member of a criminal class under 8 U.S.C. 1251(a)(4) or under the predecessor statute, 8 U.S.C. 155.[1]

What we are concerned with in this case is not whether or not the appellant is making an entry into the United States[2] but whether she qualifies as an immigrant who is returning to an unrelinquished lawful permanent residence after a temporary absence

---

[1] Citing *Valenti* v. *Karnuth*, 1 F. Supp. 370 (N.D., N.Y. 1932); *Matter of Bauer*, Int. Dec. No. 1291 (The latter decision was cited and followed in *Matter of Datres*, A-8258560 (March 8, 1965)).

[2] Cf. *Fleuti* v. *Rosenberg*, 374 U.S. 449 in which the *Valenti* case was cited as an instance in which a district court refused to hold that an alien who had been absent only briefly had made an entry upon his return to the United States.

abroad. The appellant was lawfully admitted for permanent residence on August 24, 1954. The term "lawfully admitted for permanent residence" is defined in section 101(a)(20) of the Immigration and Nationality Act as meaning the status of, having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed.* (Emphasis supplied.) Section 101(a)(33) states that the term "residence" means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, *without regard to intent.* (Emphasis supplied.)

Section 211(a) provides that no immigrant shall be admitted into the United States unless at the time of application for admission he has a valid unexpired immigrant visa. The pertinent regulation, 8 CFR 211.1 provides that a valid unexpired immigrant visa shall be presented by each arriving immigrant alien except an immigrant who * * * (c) is returning to an unrelinquished lawful permanent residence after a temporary absence abroad * * * (1) not exceeding one year and presents a Form I-151, Alien Registration Receipt Card, duly issued to him.

The appellant and the other children were sent back to Mexico by her father on the same date that she entered the United States for permanent residence on August 24, 1954. She continued to reside in Mexico, except for temporary visits when 12 years old, and has not applied for admission for permanent residence for ten years. The regulation, 8 CFR 211.1 requires an immigrant be returning to an unrelinquished lawful permanent residence after a temporary residence abroad not exceeding one year, in which case she may present a Form I-151, Alien Registration Receipt Card, as an acceptable document. The appellant's absence does not come within the terms of the regulations since she is not returning to an unrelinquished lawful permanent residence in the United States after a temporary absence abroad not exceeding one year.

The record establishes that the appellant never secured permanent residence in the United States after her admission on August 24, 1954 for permanent residence but immediately was returned by her father to Mexico where she has since resided for a period of ten years. Her place of residence or general abode after her return in 1954 was in Mexico. Under the definition of the term "residence" in section 101(a)(33) of the Immigration and Nationality Act, intent is not a factor.[3] It was therefore properly found that the

---

[3] The case of *Fleuti* v. *Rosenberg,* 374 U.S. 449, which involved an innocent, casual and brief absence is clearly inapplicable.

Form I-151 which she presented at the time of her last application to enter the United States was not a valid entry document or at the time she entered the United States to become married in February 1964. The appeal will be dismissed. However, as the wife of a citizen member of the armed forces and a native of a nonquota country, she should have no difficulty in obtaining an immigrant visa.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.