## MATTER OF FAVELA

### In Exclusion Proceedings

### A–13577232

*Decided by Board May 31, 1979*

(1) Where an applicant in exclusion proceedings first entered the United States in 1963 as a lawful permanent resident at the age of four, and returned to Mexico with his parents two years later because the father had decided not to live in the United States, the loss of permanent resident status could be imputed to the applicant as he was under the custody and control of his parents. *Matter of Winkens,* Interim Decision 2429 (BIA 1975).

(2) An alien convicted for entry of goods by false statements under the Federal Youth Corrections Act can still be excluded under section 212(a)(23) of the Act, 8 U.S.C. 1182(a)(23), on evidence establishing that a Service officer had reason to believe that he was a trafficker in marihuana.

(3) The provision in section 212(a)(23) respecting exclusion based on a Service official's belief that an alien has been a drug trafficker is distinct from that part of section 212(a)(23) requiring a conviction, and exclusion or deportation proceedings brought under this part are not within the Service Operations Instruction requiring a deferment of deportation proceedings where there is a possibility an expungement certification will issue under the Federal Youth Corrections Act.

(4) The Congressional intent behind the Federal Youth Corrections Act is not violated by bringing charges under section 212(a)(23) of the Immigration and Nationality Act, which is one of several provisions in the Act disclosing a strong Congressional intent to combat marihuana trafficking by excluding traffickers, regardless of age.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant without valid visa

Section 212(a)(23) [8 U.S.C. 1182(a)(23)]—Narcotics trafficker—marihuana

ON BEHALF OF APPLICANT: Timothy S. Barker, Esquire
Legal Aid Society of
San Diego, Inc.
1744 N. Euclid Avenue
San Diego, California 92105

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated November 17, 1978, an immigration judge found the applicant excludable as charged and ordered him deported. The applicant appeals from this decision. The appeal will be dismissed.

The applicant is a 20-year-old native and citizen of Mexico. He was

admitted into the United States as a lawful permanent resident on February 14, 1963, with his parents and brothers and sisters. He was about four years old at that time. He remained in the United States for approximately two years, at the end of which time he returned to Mexico with his family, where he attended school. He returned to the United States with his father on several occasions following the family's departure from the United States. In 1975, the applicant returned to the United States and obtained employment in a restaurant in California for the next two years. On October 5, 1977, as he was attempting to enter the United States after a trip to Mexico, he was stopped at the port of entry at San Ysidro, and arrested. He subsequently was paroled into the United States to stand trial. On November 14, 1977, he was convicted of a violation of 18 U.S.C. 542, entry of goods by means of false statements. On January 19, 1978, a Notice to Applicant For Admission Detained For Hearing Before Immigration Judge was issued, informing the applicant that he was detained for an exclusion hearing before an immigration judge because he appeared to the immigration officer to be excludable under sections 212(a)(9) and (20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(9) and (20). A further notice was issued on October 13, 1978, informing the applicant of his apparent excludability under section 212(a)(23) of the Act, 8 U.S.C. 1182(a)(23), as an illicit trafficker in marihuana. An exclusion hearing was held on February 9, 1978, October 27, 1978, and November 3, 1978. The immigration judge found that the applicant was excludable under both section 212(a)(20) and section 212(a)(23) of the Act. The basis of the first finding was that the applicant's father and mother had both abandoned their lawful permanent resident status in 1965 or 1966, and that this abandonment was imputed to the applicant. The basis of the second finding was that the applicant had admitted his conscious participation in an attempt to smuggle a kilogram of marihuana into the United States. He also concluded that the fact that the applicant had been convicted under the Federal Youth Corrections Act did not foreclose a finding of excludability under section 212(a)(23) of the Act, as it pertained to traffickers, and that a conviction was not required to sustain a finding of excludability.

The applicant on appeal simply contends that the immigration judge's decision was incorrect.

After reviewing the record, we have concluded that the immigration judge correctly found that the applicant had abandoned his permanent resident status when he returned to Mexico with his parents. The testimony amply showed that the applicant's father had decided not to live in the United States, and that when he returned to Mexico he bought land there and was employed in Tijuana (Tr. pp. 12, 13, 30). *Matter of Sias*, 11 I. & N. Dec. 171 (BIA 1965).

The record also shows that the applicant's mother abandoned her permanent resident status. The testimony established that although she had returned with her husband to Mexico, she made no attempt to return to the United States even after the husband had abandoned the family. This occurred in 1970, although the husband had been living with someone else in Tijuana for five years. She testified that she could not return without documents, but apparently made no attempt to find the ones the family had, or obtain any, although she was in a border town (Tr. pp. 36-47). The immigration judge found her testimony to be implausible and not worthy of belief. As the trier of fact, his judgment in this regard cannot lightly be set aside. *Vasquez-Mondragon* v. *INS*, 560 F.2d 1225, 1226 (5 Cir. 1977). We are satisfied that given both the mother's version of events and the immigration judge's evaluation of her testimony, that she did in fact abandon her permanent resident status. Since the parents' abandoment occurred when the applicant was about six years of age, and under their control and custody, this abandonment can be imputed to the applicant in turn. *Matter of Winkens*, Interim Decision 2429 (BIA 1975). His testimony that he, when he was so young, intended to return and work in the United States is not credible.

The second finding of excludability is grounded on a violation of section 212(a)(23) of the Act. The immigration judge concluded that the applicant was a trafficker in marihuana. We agree with the immigration judge that the applicant was a conscious participant in an attempt to smuggle a kilogram of marihuana into the United Staes (Tr. pp. 53-57). The quantity was sufficient to find that the applicant was a trafficker, although he appears to have made a single attempt to smuggle marihuana into the United States. *Matter of Rico*, Interim Decision 2576 (BIA 1977); *Matter of P—*, 5 I. & N. Dec. 190 (BIA 1953).

We also do not agree with the applicant that this finding subverts the Congressional intent behind the Federal Youth Corrections Act. The theory behind the applicant's contention is basically that when a person is brought within this Act, not only the conviction but the underlying acts are incorporated into any possible expungement under 18 U.S.C. 5021(b) and that such expungement destroys the conviction as a basis for deportation or exclusion. He contends that since this is the case, the exclusion proceedings should have been deferred under Operations Instruction 242.1(a)(26) while the possibility of expungement still existed (Tr. pp. 49-50). This Operations Instruction states in part:

When the district director determines that there is a probability that an expungement certification will be issued under the Federal Youth Corrections Act . . . he shall, for the period during which the expungement certificate may be issued, defer institution of deportation proceedings based on the conviction for which expungement is being sought in anticipation that the certification will issue.

It is clear from this that if the conviction is the *basis* of the charge of

deportability, proceedings may be deferred. In this instance, the conviction, which was for violation of 18 U.S.C. 542, entry of goods by means of false statements, did not constitute the basis for the charge under section 212(a)(23) of the Act. This section classifies as excludable a person convicted of narcotics violations or ". . . any alien who the consular officer or immigration officers know or have reason to believe is or has been an illicit trafficker in any of the aforementioned drugs." It was under this latter provision that the applicant was found excludable. This provision by its clear terms is entirely distinct from the provision requiring conviction for deportability to be established.

While the applicant has expressed the view that the enactment of the Federal Youth Corrections Act showed Congressional interest in not branding youthful offenders for life, it is equally apparent that Congress has shown a strong intent to combat marihuana and narcotics traffic and has imposed harsh sanctions in the immigration law against aliens convicted for, or believed to have been engaged in, this activity. Sections 212(a)(23), (a)(11), 241(b), 244(a) and 244(e) of the Act. While this policy has been attacked as unduly harsh, it has been upheld in the deportation context as not without rational justification. *Guan Chow Tok* v. *INS*, 538 F.2d 36, 38 (2 Cir. 1976). Given the apparent purpose behind these provisions—which nowhere include provisions for different treatment depending on the age of the alien—this Board has held that even where a criminal complaint has subsequently been dismissed, an alien could be excluded under section 212(a)(23) of the Act as a trafficker when the immigration officer had reason to believe that the alien was a trafficker. *Matter of Rico, supra.* As we pointed out there, the criminal action against the applicant was a separate judicial matter and the administrative decision in an exclusion proceeding is predicated upon a review of the evidence of record and the application of the appropriate immigration law.

We do not find the present situation substantially distinguishable. In *Rico, supra,* prosecution was dropped. In this case prosecution and conviction were had for an offense not necessarily including a finding of illicit trafficking in marihuana, but simply entering goods by false statements. We found that the lack of a conviction in *Rico* did not foreclose a finding that the alien was a trafficker, in keeping with the purpose of the immigration law sections dealing with the control of narcotics and marihuana. In this case, the conviction was for an offense not related to marihuana *per se.* To require the Service to forego proceedings because the conviction exists would be inconsistent with the purpose of the trafficking provision. We find that the trafficking provision of section 212(a)(23) was meant to forestall any such result through its plain language, although the consequences are severe. See *Jay* v. *Boyd,* 351 U.S. 345, 357 (1956).

756

We consequently conclude that the applicant is excludable under section 212(a)(23) of the Act on the evidence presented in the record, as the immigration officer could reasonably believe that the applicant was an illicit trafficker in marihuana. *Hamid* v. *INS*, 538 F.2d 1389, 1391 (9 Cir. 1976). The appeal will accordingly be dismissed.

**ORDER:** The appeal is dismissed.