# In re U-H-, Respondent

*Decided April 5, 2002*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Section 412 of the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001, Pub. L. No. 107-56, 115 Stat. 272, 351 ("USA PATRIOT ACT"), does not change the standard employed to determine, for purposes of adjudicating an application for asylum or withholding of removal, whether there is reasonable ground to believe that an alien is engaged in, or is likely to engage in, terrorist activity under section 212(a)(3)(B)(i)(II) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(3)(B)(i)(II) (2000), or whether there are reasonable grounds to believe that he or she is a danger to the security of the United States under section 241(b)(3)(B)(iv) of the Act, 8 U.S.C. § 1231(b)(3)(B)(iv) (2000).

FOR RESPONDENT:  I. Jay Fredman, Esquire, Washington, D.C.

FOR THE IMMIGRATION AND NATURALIZATION SERVICE:  Megan Turkat Schirn, Assistant District Counsel

BEFORE:   Board Panel: SCHMIDT, VILLAGELIU, and ROSENBERG, Board Members.

SCHMIDT, Board Member:

The respondent timely moves to reconsider an October 25, 2001, decision in which we partially sustained the appeal of the Immigration and Naturalization Service.  In our decision, we found the respondent statutorily ineligible for asylum under section 208(b)(2)(A)(v) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(2)(A)(v) (2000), and also found the respondent ineligible for withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3) (2000).  The respondent's motion will be denied.

## I.  ISSUE

In his motion, the respondent primarily challenges our standard for determining that he is ineligible for asylum and withholding of removal.  He asserts that the enactment of section 412 of the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001, Pub. L. No. 107-56, 115 Stat. 272, 351 ("USA PATRIOT ACT"), *raises* the prior standard for determining whether there is reasonable ground to believe that he is engaged, or will engage, in terrorist

activity and also whether there are reasonable grounds to believe that he is a danger to the national security of the United States.

## II.  PROCEDURAL HISTORY

The respondent is a native and citizen of Iran.  We previously found that the respondent is a member and supporter of the Mujahedin-e Khalq ("MEK"), a group designated by the United States Department of State as a foreign terrorist organization under section 219 of the Act, 8 U.S.C. § 1189 (2000).  In his motion, the respondent admits support for the MEK but denies membership in that organization.

We further found that the respondent's membership in, and activities in support of, the MEK and its violent objectives render him inadmissible to the United States under section 212(a)(3)(B)(i)(II) of the Act, 8 U.S.C. § 1182(a)(3)(B)(i)(II) (2000), because there is "reasonable ground to believe" that he is engaged in, or is likely to engage in, terrorist activity.

In reaching that conclusion, we determined that the "reasonable ground to believe" standard is akin to the familiar "probable cause" standard.  We cited examples from cases such as *Adams v. Baker*, 909 F.2d 643, 649 (1st Cir. 1990), in which the court found that a reasonable belief may be formed if the evidence "is sufficient to justify a reasonable person in the belief that the alien falls within the proscribed category."

We also found the respondent statutorily ineligible for withholding of removal under section 241(b)(3)(B)(iv) of the Act because there are "reasonable grounds to believe" that the respondent "is a danger to the security of the United States."  We applied the same standard in finding "reasonable grounds to believe" under section 241(b)(3)(B)(iv) that we employed in our determination under section 212(a)(3)(B)(i)(II).

## III.  EFFECT OF THE USA PATRIOT ACT

### A.  Relevant Provisions of the USA PATRIOT ACT

Section 412 of the USA PATRIOT ACT adds a new section 236A to the Immigration and Nationality Act that states, in pertinent part, as follows:

SEC. 236A. (a) DETENTION OF TERRORIST ALIENS.—
    (1) CUSTODY.—The Attorney General shall take into custody any alien who is certified under paragraph (3).
    . . .
    (3) CERTIFICATION.—The Attorney General may certify an alien under this paragraph if the Attorney General has reasonable grounds to believe that the alien—
        (A) is described in section 212(a)(3)(A)(i), 212(a)(3)(A)(iii), 212(a)(3)(B), 237(a)(4)(A)(i), 237(a)(4)(A)(iii), or 237(a)(4)(B); or
        (B) is engaged in any other activity that endangers the national security of the United States.

(4) NONDELEGATION.—The Attorney General may delegate the authority provided under paragraph (3) only to the Deputy Attorney General. The Deputy Attorney General may not delegate such authority.

USA PATRIOT ACT, § 412(a), 115 Stat. at 351 (to be codified at 8 U.S.C. § 1226A).

This section imposes mandatory *detention* for an alien who the Attorney General has reasonable grounds to believe is engaged in terrorist activity or is a danger to national security. It also provides that the Attorney General's authority to determine whether there are reasonable grounds for such mandatory *detention* can only be delegated to the Deputy Attorney General.

## B. Parties' Arguments

The respondent argues that the statutory change wrought by section 412 of the USA PATRIOT ACT, and particularly its nondelegable nature, indicates Congress' concern with the "lax interpretation" of the "reasonable ground to believe requirement." In effect, he asserts that enactment of the USA PATRIOT ACT demonstrates a congressional intent to impose a new and *higher* standard for determining whether an alien is ineligible for asylum and withholding of removal pursuant to sections 208(b)(2)(A)(v), 212(a)(3)(B), and 241(b)(3)(B)(iv) of the Act.

In opposition to the motion, the Service argues that the respondent's interpretation of the USA PATRIOT ACT is incorrect, because a plain language interpretation demonstrates that Attorney General certification is merely an *additional and optional* avenue for the *detention* of terrorist aliens. The Service further states that the legislative history behind section 412 of the USA PATRIOT ACT demonstrates that the new provision was intended neither to duplicate nor to eliminate this Board's existing authority in dealing with suspected alien terrorists. Furthermore, the Service asserts that the respondent's interpretation of the USA PATRIOT ACT would make section 236A of the Act the exclusive authority for determining that an alien is inadmissible under section 212(a)(3)(B), and that repeals by implication are not favored.

## C. Analysis

We agree with the Service that section 412 of the USA PATRIOT ACT neither removes our authority to determine whether a respondent is inadmissible under section 212(a)(3)(B) of the Act nor heightens the standard we use in making determinations under that provision, section 208(b)(2)(a)(v), or section 241(b)(3)(B)(iv). Rather, section 412 merely adds certification as another means to address the *detention* by the *Attorney General* of suspected terrorist aliens. Section 412 contains permissive, rather than mandatory, language regarding such certification for detention of terrorists.

Legislative purpose is expressed through the plain meaning of the words used in a statute considered as a whole. *See K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988). The express inclusion of language in one clause or provision of a statute and its absence or exclusion in another clause or provision is to be given effect. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987); *see also Matter of Devison*, Interim Decision 3435 (BIA 2000, 2001); *Matter of Michel*, 21 I&N Dec. 1101, 1104 (BIA 1998).

Section 412 of the USA PATRIOT ACT does not purport to apply to our determinations of eligibility for asylum or withholding of removal. Moreover, it does not conflict with the preexisting general custody provisions of section 236 of the Act, 8 U.S.C. § 1226 (2000). Rather, section 412 provides an additional basis for the Attorney General to *detain* suspected terrorists.

The respondent's detention clearly is not at issue in this case. There is no indication that in enacting the USA PATRIOT ACT Congress wanted to change the standard of proof or make it easier for terrorists to apply for asylum and withholding of removal. Therefore, we conclude that section 412 of the USA PATRIOT ACT does not alter our application of the "reasonable ground to believe" standard in connection with the respondent's applications for asylum and withholding of removal.

## IV.  RESPONDENT'S OTHER CLAIMS

We will not consider the new evidence that was submitted by the respondent, in conjunction with his motion, regarding an allegedly similarly situated MEK member, because those documents all predate the respondent's hearing before the Immigration Judge and his subsequent appeal, and the respondent has provided no reason for his failure to submit them previously. *See, e.g.*, *Matter of Soriano*, 19 I&N Dec. 764, 766 (BIA 1988). The remainder of the respondent's motion essentially reiterates arguments that we rejected in our original decision in this case.

## V.  CONCLUSION

We find that section 412 of the USA PATRIOT ACT does not change the standard for determining whether there is reasonable ground to believe that the respondent is engaged, or will engage, in terrorist activity and also whether there are reasonable grounds to believe that he is a danger to the national security of the United States. In addition, we reaffirm our conclusion that the respondent is statutorily ineligible for asylum and withholding of removal. Accordingly, the respondent's motion to reconsider will be denied. **ORDER:** The motion to reconsider is denied.