SUMMARY ORDER
Asaiah Neptune petitions this Court for review of the July 29, 2008 order of the BIA which denied his application, pursuant to Section 245(e)(2)(B) of the Immigration and Nationality Act (“INA”), for adjustment of status based upon his wife’s United States citizenship, and which ordered him removed from the United States. The BIA’s decision affirmed the order, dated January 9, 2007, of Immigration Judge Alan Vomacka (“the IJ”).
Neptune was born in Port of Spain, Trinidad, on February 27, 1986, and remains a Trinidadian citizen. He married Natalie McIntosh, a United States citizen, on November 14, 2005. Neptune entered the United States, in June 2001, on a six-month visa, but did not return to Trinidad upon the expiration of the visa. Neptune currently lives with his wife in Brooklyn.
At his merits hearing before the IJ, on November 17, 2006, Neptune testified to his prior involvement in selling drugs, admitting that he had sold crack cocaine “[l]ess than 10 times.” On December 2, 2003, when he was seventeen years old, Neptune was arrested on Astor Place in Manhattan for selling crack. He was subsequently charged with possession and sale of a controlled substance. Neptune pleaded guilty to these charges, on December 18, 2003, in New York Supreme Court, New York County, and was sentenced to a term of four months’ imprisonment based upon his status as a youthful offender.
In his oral ruling, the IJ denied Neptune’s application for adjustment of status because of his inadmissibility pursuant to Section 1182(a)(2)(c)(i) of the INA, which provides that an alien shall be deemed inadmissible if the Attorney General “knows or has reason to believe” that the alien “is or has been an illicit trafficker in any controlled substance.” The IJ specifically found that Neptune’s status as a youthful offender was irrelevant to his eligibility for relief because a “reason to believe” that an alien has been involved in drug trafficking “does not require the existence of a conviction. In fact, [it] does not require that a conviction or even a criminal prosecution have ever commenced, occurred, etcetera.” Thus, the IJ continued, given his admittance of his involvement in drug trafficking, Neptune’s status as a youthful offender “is not sufficient to insulate [him] from the Federal immigration law requirements for a person seeking adjustment of status.” The IJ concluded that “because I believe the relief [of adjustment of status] is not available to the respondent as a matter of law, because of the reason to believe that he has been involved in drug trafficking, I do find that the application for adjustment must be denied.” The BIA affirmed the IJ, and specifically upheld the IJ’s reliance upon Matter of Favela, 16 I. & N. Dec. 753 (BIA 1979).
“Where the BIA adopts the decision of the IJ and merely supplements the IJ’s *673 decision, ... we review the decision of the IJ as supplemented by the BIA.” Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Neptune’s sole cognizable argument concerns the agency’s reliance upon Matter of Favela. That case concerned the exclusion proceedings of a Mexican alien, who had been convicted of attempting to smuggle marijuana into the United States, but whose conviction had been expunged under the terms of the Federal Youth Corrections Act (FYCA”). 16 I. & N. Dec. at 755. The BIA held that exclusion was still proper because of the alien’s involvement in drug trafficking, and specifically rejected the contention that “expungement [pursuant to the FYCA] destroys the conviction as a basis for deportation or exclusion” pursuant to the INA. Id.
Neptune argues that “Favela is no longer good law due to changes in the manner in which juvenile delinquents are dealt with ... with respect to federal crimes.” Specifically, Neptune contends that “the FYCA has been repealed” and that, under current law, “although a juvenile who commits an offense is adjudicated a juvenile delinquent, he cannot be convicted of a crime.” Thus, Neptune concludes, the BIA here “relied on an antiquated interpretation of a juvenile delinquent status that has been repealed by an act of Congress to hold that [he] is inadmissable to the United States.”
The obvious rejoinder to this argument is that it in no way addresses the plain terms of Section 1182(a)(2)(c)(i) of the INA which, as the Government points out, do not “require that an alien be convicted of a drug trafficking offense in order to be found inadmissable.” As already noted, that section allows for denial of adjustment of status when the agency “knows or has reason to believe” that the alien “is or has been an illicit trafficker in any controlled substance.” The statute places no qualification upon the basis of knowledge or belief that an alien has engaged in drug trafficking.
Because of Neptune’s testimony before the IJ to the effect that he had been involved in selling crack cocaine, let alone the fact of his arrest and guilty plea, there is no basis for arguing that “reason to believe” within the meaning of Section 1182(a)(2)(c)(i) does not exist here. More importantly, it exists regardless of the fact that Neptune’s conviction under New York law was adjudicated pursuant to his status as a youthful offender. As the Government correctly argues, the “reason to believe” language evidences a clear Congressional intent “not to limit inadmissability ... to those who have been charged or convicted of [a drug trafficking] offense. Rather it ties inadmissability to the act of drug trafficking, irrespective of whether that conduct was ever charged as a criminal offense or not.” Neptune has admitted to the act of drug trafficking; he is therefore subject to being held inadmissable and his petition for adjustment of status was therefore properly denied.
For the reasons stated above, the petition for review is hereby DENIED.