09-4639-ag
Williams v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand eleven.

PRESENT:  ROGER J. MINER,
          ROBERT D. SACK,
          REENA RAGGI,
                    *Circuit Judges*.

-----------------------------------------------------------------

RAMON O'NEIL WILLIAMS, a.k.a. RAMON
WILLIAMS,

                    *Petitioner*,


          v.                                No. 09-4639-ag


ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

                    *Respondent.*

-----------------------------------------------------------------


FOR PETITIONER:     Ramon O'Neil Williams, *pro se*, Batavia, New York.

FOR RESPONDENT:     Joanna L. Watson, Trial Attorney (Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ramon O'Neil Williams, a citizen of Jamaica, seeks review of an October 7, 2009 order of the BIA affirming the May 6, 2009 decision of immigration judge ("IJ") Alan Vomacka finding Williams inadmissible as an alien who "the Attorney General knows or has reason to believe" engaged in illicit drug trafficking, 8 U.S.C. § 1182(a)(2)(C)(i) (2006), and, therefore, ineligible for adjustment of status, see id. § 1255(a); Matter of Williams, No. A088 436 257 (B.I.A. Oct. 7, 2009), aff'g No. A088 436 257 (Immig. Ct. N.Y.C. May 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion and emphasizes particular aspects of the IJ's decision, we review both the BIA's and the IJ's opinions. See Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir. 2006). Although we lack jurisdiction to review a discretionary denial of adjustment of status, see 8 U.S.C. § 1252(a)(2)(B)(i) (2006); Ruiz v. Mukasey, 552 F.3d 269, 275 n.4 (2d Cir. 2009), we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D) (2006), including whether an alien is eligible for adjustment of status, see Cruz-Miguel v. Holder, 650 F.3d 189, 2011 WL 1565847, at *3 (2d Cir. 2011). "Because the question of eligibility for adjustment of status is one of law, our standard of review is de novo." Id. (citing Lecaj v. Holder, 616 F.3d 111, 114 (2d Cir. 2010)).

Williams has abandoned his challenge to the BIA's conclusion that he is inadmissible on the ground that there was reason to believe that he engaged in illicit drug trafficking by failing to raise it in his brief to this court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n.1 (2d Cir. 2005); see also Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

Even if this claim were preserved, however, substantial evidence supports the BIA's determination that the "reason to believe" standard was satisfied here. As an initial matter, the fact that Williams was never convicted of a drug trafficking crime does not preclude a determination that there was "reason to believe" that he was a trafficker. Matter of Favela, 16 I. & N. Dec. 753, 756 (B.I.A. 1979); see also Correa v. Thornburgh, 901 F.2d 1166, 1169, 1173 (2d Cir. 1990). There is no dispute that, in July 2008, Williams was arrested after a van in which he was riding was pulled over by a narcotics detective and a search revealed approximately sixty to seventy pounds of marijuana in the vehicle, an amount inconsistent with personal use. Although Williams argued to the IJ that he was unaware that the marijuana was in the van, the arresting officer's sworn statement indicated that there was a noticeable odor of marijuana emanating from the vehicle, and that the drugs were packaged in duffle bags that the officer had earlier observed Williams helping to load into the van. Further, the night before he was arrested, Williams stayed at a location from which the police subsequently recovered an additional package containing four ounces of marijuana, two digital scales containing marijuana residue, two rolls of packaging material (identical in appearance to that in which the marijuana in the van was wrapped), ammunition, and $3,450 in cash from a safe. Based on this evidence, the BIA reasonably concluded that there was

3

reason to believe that Williams had engaged in illicit drug trafficking.

We have considered Williams's remaining arguments for consideration based on his marriage to a United States citizen, his good family background, and purported changes in the exercise of the executive's deportation discretion, and we conclude that they fall outside the scope of our review discretion or are without merit in light of the inadmissibility determination. For the foregoing reasons, the petition is DENIED. As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court