# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2013

Lyle W. Cayce
Clerk

FLORENCIO CUEVAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Florencio Cuevas seeks review of the decision of the Board of Immigration Appeals (BIA) concluding that Cuevas was inadmissible because there was reason to believe he was a drug trafficker.  Because the Department of Homeland Security (DHS) presented sufficient evidence to demonstrate that it had "reason to believe" Cuevas was an illegal trafficker, the petition for review is DISMISSED.

I.

Florencio Cuevas is a native and citizen of Mexico who was a legal permanent resident of the United States.  While reentering the United States from Mexico in 2005, Cuevas's car was searched, and nearly 24 kilograms of

No. 13-60150

cocaine were found concealed in the car's rear panel. Based on this finding, the Department of Homeland Security (DHS) charged Cuevas with removability under 8 U.S.C. § 1182(a)(2)(C) on the basis that there was "reason to believe" that Cuevas was a drug trafficker. Cuevas does not contest that the cocaine was found in his vehicle. Instead, Cuevas argues that there is not sufficient evidence to show that he was a drug trafficker because the DHS did not provide additional direct or circumstantial evidence that Cuevas knew the drugs were in his vehicle.

## II.

Cuevas appeared in immigration court before an immigration judge (IJ). Cuevas's main contention was that he was unaware that the cocaine was in his vehicle. Cuevas testified that he bought the vehicle approximately two weeks before he left for Mexico from a man "on the street" in Chicago, paying $2,300 for it. Cuevas testified that, during the two weeks he spent in Mexico, he had exclusive control over the vehicle except for a period of between sixty and ninety minutes while his headlight was fixed at a mechanic's shop in Mexico. Cuevas testified that the shop was located in a town near where he grew up, but that he knew neither the name of the shop nor the name of the proprietor.

Based on this evidence, the IJ concluded that Cuevas was inadmissible, and therefore removable, under § 1182(a)(2)(C). Cuevas appealed the decision of the IJ to the BIA, and the BIA remanded the case, instructing the IJ to determine whether the DHS had "proven by clear, unequivocal, and convincing evidence" that there exists reason to believe that Cuevas was a drug trafficker.

On remand, the IJ concluded that the DHS had shown sufficiently that there was reason to believe Cuevas was engaged in illicit drug trafficking. The IJ relied on several items of evidence: Cuevas was driving his own car that he had purchased just prior to his trip to Mexico; Cuevas had maintained exclusive control over the vehicle with the exception of a single ninety minute

No. 13-60150

period; Cuevas had mechanical work done on the vehicle two or three days before his arrest; there were fresh weld marks on the rear quarter panel of Cuevas's vehicle; and the quantity of cocaine was an amount indicating illegal trafficking.

The IJ rejected Cuevas's testimony – giving it "very little weight" – finding it implausible that either (1) someone had sold Cuevas a car containing 24 kilograms of cocaine for $2,300 or (2) Cuevas had failed to notice modifications made to his car for the purposes of hiding the cocaine.

On appeal, the BIA agreed that, through the evidence cited by the IJ, the DHS had met its burden of proving a reason to believe that Cuevas was a drug trafficker and dismissed the appeal.[1] Cuevas filed this timely petition for review.

III.

Cuevas challenges only the BIA's determination that he is inadmissible, and therefore removable, under § 1182(a)(2)(C). On appeal, we review the BIA's decision except to the extent the BIA has adopted conclusions or findings of the IJ. *Chun v. I.N.S.*, 40 F.3d 76, 78 (5th Cir. 1994).

An alien is inadmissible if a "consular officer or the Attorney General knows or has reason to believe" that the alien "is or has been an illicit trafficker in any controlled substance" or has knowingly aided or abetted such trafficking. 8 U.S.C. § 1182(a)(2)(C). Our review of such a determination is limited in the immigration context. We lack jurisdiction to review any final order of removal against an alien who is removable for having committed a criminal offense under § 1182(a)(2), but retain jurisdiction over questions of

---

[1] The BIA declined to consider the fresh weld marks as evidence against Cuevas. Before the BIA, Cuevas raised several arguments against relying on the weld marks as evidence of Cuevas's drug trafficking. The BIA determined that it need not reach Cuevas's arguments because the other evidence was sufficient.

No. 13-60150

law. 8 U.S.C. § 1252(a)(2)(C)-(D). Additionally, we retain jurisdiction to review jurisdictional questions, such as whether an alien "is inadmissible pursuant to [§ 1182(a)(2)]." *Balogun v. Ashcroft*, 270 F.3d 274, 278 (5th Cir. 2001). Specific to this case, the Government concedes that we have jurisdiction to decide whether the DHS had reason to believe that Cuevas participated in illegal drug trafficking. If we find that the DHS had reason to believe that Cuevas was engaged in illegal trafficking, we lack jurisdiction to review the BIA's order and must dismiss the petition.

IV.

In deciding this jurisdictional question, we face two related issues on which our court has not spoken. First, whether a criminal conviction is required for an alien to be removable under § 1182(a)(2)(C). Second, what amount of evidence the DHS must provide in order to establish a reason to believe that an alien is engaged in illegal trafficking.

A.

Our court has not yet decided whether there can be reason to believe that an alien is a drug trafficker if the alien were not convicted of a drug trafficking offense. We have no difficulty, however, in joining other circuits that have held that a conviction is not required to meet this standard. *See Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1053 (9th Cir. 2005) ("Section 1182(a)(2)(C) does not require a conviction. . . ."); *Garces v. United States Atty. Gen.*, 611 F.3d 1337, 1345 (11th Cir. 2010) ("A 'reason to believe' determination can be made even if the alien was never convicted of any offense."); *see also In re Rico*, 16 I. & N. Dec. 181, 185–86 (BIA 1977) (alien excluded after being caught with truckload of marijuana, even though never convicted).

Moreover, the plain language of the statute does not indicate that a prior conviction is necessary. Indeed, "reason to believe" necessarily evokes a lower standard than the "beyond a reasonable doubt" required to obtain a criminal

4

No. 13-60150

conviction. *Compare* 8 U.S.C. § 1182(a)(2)(C), *with In re Winship*, 397 U.S. 358, 361 (1970) (reaffirming requirement of proving guilt beyond a reasonable doubt for criminal convictions). Based on this language, and the precedents mentioned above, we hold that an alien can be inadmissible pursuant to § 1182(a)(2)(C) even when not convicted of a crime.

B.

Although not requiring a prior conviction, § 1182(a)(2)(C) does require some measure of evidence to support the DHS's belief that an alien is an illegal drug trafficker. Again, however, our circuit precedent has not established the amount of evidence that the DHS must present to satisfy the reason to believe standard. The First Circuit and the BIA have intimated that this standard is equivalent to the probable cause standard. *See Westover v. Reno*, 202 F.3d 475, 480 n.6 (1st Cir. 2000) (speculating in dicta that probable cause to believe that an alien was growing marijuana could have rendered the alien removable under § 1182(a)(2)(C)); *In re U-H-*, 23 I. & N. Dec. 355, 356 (BIA 2002) (describing the "reasonable ground to believe" standard as "akin" to the probable cause standard). Conversely, the Ninth Circuit requires a showing greater than mere probable cause. *See Alarcon-Serrano v. I.N.S.*, 220 F.3d 1116, 1119 (9th Cir. 2000) (holding that a "reason to believe" must be "based on reasonable, substantial, and probative evidence").

Under either of these standards, the DHS presented sufficient evidence to support its belief that Cuevas was engaged in illicit trafficking. To recap: Cuevas was attempting to enter the United States with nearly 24 kilograms of cocaine, an amount consistent with trafficking; the cocaine was found in a vehicle that Cuevas owned; and, aside from a period of ninety minutes, Cuevas exercised complete control over the vehicle since he purchased it.

Although this evidence does not establish with certainty that Cuevas knew about the cocaine being in the vehicle – it is possible, but hardly

5

plausible, that the cocaine was in the car when he purchased it or was placed in the vehicle without his knowledge – such certainty is not required under § 1182(a)(2)(C).    The facts presented by the DHS provide "reasonable, substantial, and probative evidence" that Cuevas was a drug trafficker. Because the evidence satisfies this standard – the more stringent of the two potential standards – it is unnecessary to decide whether a probable cause standard would support the DHS's reason to believe an alien is a drug trafficker.    Under either standard, Cuevas was removable under § 1182(a)(2)(C).

## V.

Because a prior conviction is not required for an alien to be removable under § 1182(a)(2)(C), and because the DHS has shown through reasonable, substantial, and probative evidence that Cuevas was engaged in illicit trafficking, we lack jurisdiction to consider the petition for review. Accordingly, Cuevas's petition is

DISMISSED.