15-1409-ag
Nowak v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand sixteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

----------------------------------------------------------------------

PAWEL NOWAK,
*Petitioner*,

v.                                                          No. 15-1409-ag

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

----------------------------------------------------------------------

FOR APPELLANT:                 Anthony D. Collins, Nancy E. Martin, Collins & Martin, P.C., Wethersfield, Connecticut.

FOR APPELLEE:                  Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Mary Jane Candaux, Assistant Director; Jeremy M. Bylund, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pawel Nowak, a native and citizen of Poland, seeks review of an April 1, 2015 decision of the BIA affirming a February 26, 2013 decision of an Immigration Judge ("IJ") denying his application for adjustment of status under section 212(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(C), on the ground that the Attorney General "knows or has reason to believe" that Nowak "is or has been an illicit trafficker in any controlled substance." In re Pawel Nowak, No. A200 689 196 (B.I.A. Apr. 1, 2015), aff'g No. A200 689 196 (Immig. Ct. Hartford, Feb. 26, 2013). Under these circumstances, we evaluate the IJ's decision as modified by the BIA, see Xue Yong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005), and review de novo questions of law and the BIA's application of law to undisputed facts, see Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the underlying facts and procedural history of this case.

Nowak argues that the BIA's "reason to believe" finding is not supported by "substantial evidence" because it was improperly based on: (1) his January 22, 2010 plea of guilty to possession with intent to distribute marijuana, see Conn. Gen. Stat. § 21a-277(b), which was subsequently vacated on statutory grounds, see id. § 54-1j (requiring courts accepting guilty pleas personally to address defendants to ensure they understand possible immigration consequences); and (2) unreliable police reports. See Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir. 2007) (stating that

2

IJ's factual findings will be affirmed under "substantial evidence" review where supported by facts that are "reasonable, substantial, and probative" (internal quotation marks omitted)).[1]   Neither challenge has merit.

Citing Garces v. United States Attorney General, 611 F.3d 1337 (11th Cir. 2010), Nowak faults the BIA for affording any weight to his vacated plea, because he never admitted to any culpable facts but, rather, maintained his innocence pursuant to North Carolina v. Alford, 400 U.S. 25, 37–38 & n.10 (1970).   Garces, of course, is not controlling precedent in this circuit.   In any event, Garces itself recognizes no categorical prohibition on the consideration of a vacated Alford plea.   See 611 F.3d at 1347 (observing that neither case law nor Fed. R. Evid. 410 "categorically bars the BIA from considering [defendant's] withdrawn plea for any purpose").   Indeed, our court has summarily observed that § 1182(a)(2)(C) "places no qualification upon the basis of knowledge or belief that an alien has engaged in drug trafficking."   Neptune v. Holder, 346 F. App'x 671, 673 (2d Cir. 2009) (emphasis in original).

The focus of concern in Garces was how much evidentiary weight the guilty plea could bear under the circumstances.   See 611 F.3d at 1347; see also id. at 1347–49 (holding that plea carried "little or no probative weight" where record lacked indication

---

[1] Because (1) the parties agree on the matter, and (2) it has no effect on our conclusion, we assume without deciding that a § 1182(a)(2)(C) "reason to believe" finding must be supported by substantial evidence rather than probable cause.   Compare Chavez-Reyes v. Holder, 741 F.3d 1, 3–4 (9th Cir. 2014) (reviewing finding for substantial evidence), and Garces v. U.S. Att'y Gen., 611 F.3d 1337, 1346 (11th Cir. 2010) (same), with Westover v. Reno, 202 F.3d 475, 480 n.6 (1st Cir. 2000) (suggesting that "reason to believe" reflects probable cause standard), and In re U–H–, 23 I. & N. Dec. 355, 356 (B.I.A. 2002) (equating standard to probable cause).

that defendant made any admissions, and Florida law permitted defendants to plead guilty without swearing to underlying facts). Although the BIA here noted the IJ's consideration of Nowak's vacated plea, that is no basis for concluding that the BIA afforded this fact undue weight because other record evidence of Nowak's drug trafficking that it considered was compelling. As the BIA observed, the IJ also relied on a contemporaneous police report indicating that Nowak was arrested for possessing: (1) 18.3 grams of marijuana; (2) a digital scale coated with marijuana residue; (3) numerous small plastic bags of the sort commonly used to package drugs; and (4) several legal pads containing names, phone numbers, and dollar amounts, which police suspected to be drug ledgers. See Certified Administrative Record ("CAR") 4; see also id. at 223. Because these facts alone were sufficient to provide "reasonable, substantial, and probative" evidence that Nowak was or had been an illicit trafficker in marijuana, his plea-based challenge necessarily fails. See 8 U.S.C. § 1182(a)(2)(C); cf., e.g., United States v. Perez, 144 F.3d 204, 208 (2d Cir. 1998) (holding that defendants' collective possession of plastic "baggies," beepers, and scales—in conjunction with other evasive action—was sufficient evidence for jury to find conspiracy to distribute and possess cocaine beyond reasonable doubt).

Nowak's various challenges to the police report warrant no different conclusion. While he faults the IJ's receipt of the report into evidence, the BIA correctly determined that Nowak waived the objection by failing meaningfully to develop the argument on his initial appeal. See CAR 4 (citing In re R–A–M–, 25 I. & N. Dec. 657, 658 n.2 (B.I.A. 2012)). Thus, we do not consider it here. See Steevenez v. Gonzales, 476 F.3d 114,

4

117 (2d Cir. 2007) (stating "mandatory" rule that petitioner must raise issue with specificity before BIA to preserve it for appellate review). In any event, Nowak's admissibility objection fails because "[h]earsay evidence may constitute substantial evidence in an administrative proceeding so long as it is reliable." United States v. Int'l Bhd. of Teamsters, 978 F.2d 68, 72 (2d Cir. 1992) (citing Richardson v. Perales, 402 U.S. 389, 402 (1971)); accord Aslam v. Mukasey, 537 F.3d 110, 114 (2d Cir. 2008) (noting that "Federal Rules of Evidence do not apply in removal proceedings").

Similarly, Nowak's claim that the report is unreliable because it was insufficiently corroborated is unpreserved because Nowak failed to raise it before the BIA. It is also meritless because the report contained detailed accounts of the officers' personal observations during the search and seizure of Nowak's apartment. See CAR 222–23; cf. Garces v. U.S. Att'y Gen., 611 F.3d at 1349 (assigning "little weight" to arrest reports which conclusorily stated that defendant "was involved in a cocaine deal" without recording officers' supporting observations). More important, Nowak himself swore before the IJ that the marijuana, scale, and "ziplocks" found in his bedroom belonged to him. CAR 151. Nowak's claim that the IJ and BIA "misread" the police report necessarily fails as a result of these admissions.

Moreover, insofar as the report suggests that the marijuana, scale, and bags were found in the southwest bedroom (where Nowak lived), but that the drug ledger was located in the southeast bedroom, the IJ was entitled to credit either (a) Nowak's admission that all of the evidence was seized from his bedroom (thereby inferring that the report contained a typographical error), or (b) the inference that the ledger belonged to

5

Nowak because—according to the report—it was recovered in a drawer alongside Nowak's report cards from "E.C. Goodwin Tech," CAR 223; see 8 U.S.C. § 1252(b)(4)(B) (providing that such factual findings "are conclusive unless any reasonable adjudicator would be <u>compelled</u> to conclude to the contrary" (emphasis added)).  In either case, we identify no error undermining the § 1182(a)(2)(C) finding.

We have considered Nowak's remaining arguments and conclude that they are without merit.  Accordingly, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6