MATTER OF CHICAS

In Deportation Proceedings

A-20944784

*Decided by Board June 29, 1984*

A Notice of Appeal (Form I-290A) and fee waiver request accompanied by an unsworn declaration made in accordance with 28 U.S.C. § 1746 (1982) will be accepted as properly filed if it otherwise comports with the requirements of 8 C.F.R. § 3.3 (1984).

CHARGE:

 Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:  
 Paula D. Pearlman, Esquire  
 Imperial Valley Immigration Project  
 449 Broadway  
 El Centro, California 92243

ON BEHALF OF SERVICE:  
 Ira L. Frank  
 General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The respondent appeals from a decision of an immigration judge dated March 20, 1984, finding him deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), for entry into the United States without inspection. The immigration judge also denied the respondent's applications for asylum and withholding of deportation under sections 208 and 243(h) of the Act, 8 U.S.C. §§ 1158 and 1253(h) (1982). The appeal will be dismissed.

On appeal, the respondent has requested a waiver of the filing fee pursuant to 8 C.F.R. § 3.3(b) (1984). Counsel for the Immigration and Naturalization Service has objected to the "Affidavit to Prosecute Appeal in Forma Pauperis" filed by the respondent, arguing that it is not properly executed. *See Matter of Alejandro*, 19 I&N Dec. 75 (BIA 1984). Rather than submitting a sworn affidavit, the respondent filed an unsworn declaration which states that it is executed in accordance with the requirements of 28 U.S.C. § 1746

114

(1982). The declaration, which was signed by the respondent, reads: "I certify under penalty of perjury that the foregoing is true and correct. Executed on March 30, 1984. This Unsworn Declaration pursuant to 28 U.S.C. § 1746." One who subscribes to a statement pursuant to the cited section is subject to the perjury penalties of 18 U.S.C. § 1621 (1982). We find that an unsworn statement personally executed by an alien that is in conformity with the requirements of 28 U.S.C. § 1746 (1982) is in compliance with the affidavit requirement of 8 C.F.R. § 3.3 (1984). Accordingly, we supplement our ruling in *Matter of Alejandro, supra,* to provide that a Notice of Appeal (Form I–290A) accompanied by a declaration made in accordance with 28 U.S.C. § 1746 (1982) will be accepted as properly filed, if it otherwise comports with the requirements of 8 C.F.R. § 3.3 (1982). As the declaration in the present case meets those requirements, we find that it is properly filed and we authorize the prosecution of this appeal without fee.

The respondent is a 33-year-old male native and citizen of El Salvador. At the deportation hearing held on February 6, February 9, and March 20, 1984, the respondent conceded deportability under section 241(a)(2) for entry without inspection. We find that deportability has been established by clear, unequivocal, and convincing evidence as required by *Woodby v. INS,* 385 U.S. 276 (1966), and 8 C.F.R. § 242.14(a) (1984). The only issue on appeal is the denial of the respondent's applications for withholding of deportation and asylum.

In order to qualify for withholding of deportation the alien must show that his life or freedom would be threatened in the country of deportation on account of his race, religion, nationality, membership in a particular social group, or political opinion. Section 243(h)(1) of the Act.

In order to qualify for asylum under the Refugee Act of 1980, Pub. L. No. 96–212, 94 Stat. 102, an applicant must establish that he is a "refugee" within the meaning of section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A) (1982). That section defines a refugee as

any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

The respondent bears the burden of proof in asylum or section 243(h) relief applications to establish by objective evidence either that he has a well-founded fear of persecution or that his life or

115

freedom will be threatened on account of one of the five grounds of persecution enumerated in the above section 101(a)(42)(A) and in section 243(h)(1). *See* 8 C.F.R. § 208.5 (1984); *INS* v. *Stevic,* 467 U.S. 407 (1984); *Haitian Refugee Center* v. *Smith,* 676 F.2d 1023 (5th Cir. 1982); *Fleurinor* v. *INS,* 585 F.2d 129 (5th Cir. 1978); *Matter of Exilus,* 18 I&N Dec. 276 (BIA 1982).

The respondent submitted in support of his application a copy of an Amnesty International Report for 1982, a copy of "Critique: Review of the Department of State's Country Reports on Human Rights Practices for 1982" by Americas Watch, several newspaper reports for 1982-83 concerning the violence in El Salvador, and part of a report called "Salvadorans in the United States" by the National Immigration and Alien Rights Project, including Appendix III.

The respondent testified that his only relatives in El Salvador are a half-sister and a great aunt. He was brought up by a National Guard officer who befriended him. From 1963 to 1970 he lived in and around the offices of the National Guard. In 1969 he joined the National Guard for a year.

The respondent has admitted to a series of illegal entries into the United States in search of work. As best the respondent could remember, he first entered the United States in September 1972; he remained for about 10 months before he was discovered by the Service and granted administrative voluntary departure. He reentered in 1973 and remained for about 10 months. He left again under administrative voluntary departure. The respondent came back into the United States in 1975 but voluntarily visited Mexico for 3 months before returning to the United States at the end of 1976. He returned on his own to El Salvador with the money he had saved by working in the United States in July 1982, but he had no identification papers. For several weeks, he attempted without success to obtain proper identification. In August 1982, he went to his hometown to obtain a birth certificate. This village is reportedly in a disputed area partially controlled at times by the guerrillas. He was able to locate his birth certificate, but he was noticed and stopped by the local civil defense. The respondent was not able to identify himself satisfactorily to the guards because the National Guardsman he claimed to know refused to identify the respondent by name when contacted by his captors. He alleges he was turned over to the army and imprisoned and interrogated for 8 days. The respondent claims that he was beaten and threatened with death during this time. Finally, the soldiers checked with the airport in San Salvador and discovered that the respondent had indeed re-

cently arrived from the United States as he claimed. They then released him.

Shortly thereafter, the respondent traveled to Costa Rica, to Nicaragua, and back to El Salvador. In January 1983, he visited Honduras in search of work but was unable to find any. He returned to El Salvador again, but he left for the United States after a few days. He entered the United States in February 1983.

He was discovered again by the Immigration and Naturalization Service. This time he was deported in September 1983, after a hearing at which he appeared pro se. The respondent had applied for asylum before the immigration judge but withdrew the application. After his return to El Salvador, he left again in 5 days. He spent some time in Mexico and entered the United States illegally on December 13, 1983. He admits to having used at least two false names in the United States and that he served 90 days in jail for illegal entry in July 1975.

The respondent claims that he would be persecuted by the guerrillas in El Salvador. He fears that because of his knowledge of arms and of the National Guard they will try to force him to join them. He also fears that because he has been out of the country and is not known in El Salvador, he will be arrested and mistreated upon his return, as he was in August 1982.

In regard to his application for withholding of deportation, we find that the respondent has not shown by a clear probability that his life or freedom will be threatened in El Salvador on account of his race, religion, nationality, political opinion, or membership in a particular social group. In addition, regardless of whether his asylum claim is assessed in terms of demonstrating a "clear probability," a "good reason," a "reasonable possibility," or a "realistic likelihood" of persecution, he has not met his burden of proof under any standard so as to qualify him for asylum. *See INS* v. *Stevic, supra.*

The respondent's application and his testimony indicate that he has never been threatened by the guerrillas. His fear that they would attempt to force him to join them is sheer speculation and cannot support an application for asylum or withholding of deportation. *See Kashani* v. *INS,* 547 F.2d 376 (7th Cir. 1977).

The respondent's fear of persecution by the government is based primarily on the generally high level of violence endemic to El Salvador at the present time and on the one incident which occurred in August 1982. In order to qualify for asylum or withholding of deportation the respondent must show that he would be singled out from the general population for persecution. *See Fleurinor* v. *INS, supra; Cheng Kai Fu* v. *INS,* 386 F.2d 750 (2d Cir. 1967), *cert.*

*denied,* 390 U.S. 1003 (1968). We find that the incident which occurred in the respondent's hometown does not indicate that he will be singled out for persecution if he returns to El Salvador. Although the respondent may have been mistreated, he explained his arrest as the result of being a stranger in a very small town which is frequently threatened by guerrillas. According to the respondent, when the government soldiers found out who he was and that he had been in the United States, he was released. He cannot now maintain that he is in danger because he is returning from the United States. Moreover, the respondent's application indicates that at present he has a birth certificate and an identity document *(cedula).* Therefore, he will not need to expose himself to the dangers of the embattled rural areas of El Salvador again in order to obtain documentation. Neither the inability of the respondent to find work in Central America nor the fear of the generalized violence in the area establishes the particularized threat of persecution required under the statute. *See Chavez* v. *INS,* 723 F.2d 1431 (9th Cir. 1984); *Martinez-Romero* v. *INS,* 692 F.2d 595 (9th Cir. 1982). Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.