David Arthur BUIE, Plaintiff–Appellant,

v.

James E. SULLIVAN, Superintendent
of Ossining Correctional Facility,
Defendant–Appellee.

No. 439, Docket No. 90–2145.

United States Court of Appeals,
Second Circuit.

Argued Nov. 2, 1990.

Decided Dec. 28, 1990.

Philip L. Weinstein, New York City, for plaintiff-appellant.

Terence J. Sweeney, Asst. Dist. Atty. (Robert T. Johnson, Dist. Atty., Peter D. Coddington, of counsel), for defendant-appellee.

Before NEWMAN and PRATT, Circuit Judges, GRIESA, District Judge for the Southern District of New York, sitting by designation.

GEORGE C. PRATT, Circuit Judge:

David Arthur Buie, a New York State prisoner, appeals from an order of the United States District Court for the Southern District of New York, Robert L. Carter, *Judge*, denying Buie's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Buie claims that the arrest of Erwin Canady during Buie's state trial for robbery was intentionally timed by the prosecutor to prevent Canady from giving exculpatory testimony, and therefore violated Buie's sixth amendment right to present a defense. We agree with the district court that there was no bad faith on the part of the prosecutor or the police in their timing of Canady's arrest, and therefore, we affirm.

## BACKGROUND

On November 18, 1981, two men robbed a Model Cities office in the Bronx; the next month, Buie was charged with the crime in New York state court. During his pretrial suppression hearing on June 10, 1982, the state prosecutor informed Buie that Erwin

Canady, an eyewitness to the robbery, had exculpated him. In subsequent conversations with Buie's attorney, Canady agreed to testify that Buie was not involved in the robbery. However, on June 22, the day after Buie's trial began, police officers arrested Canady and charged him as an accomplice in the robbery. Buie called Canady to testify, but he invoked his fifth amendment privilege and declined to answer any questions about the robbery.

Buie's counsel moved for a mistrial, arguing that the police had arrested Canady to prevent him from offering exculpatory testimony about Buie. The state prosecutor responded that, prior to the interview with Canady on June 10, there had been only sketchy circumstantial evidence implicating him in the robbery. However, on June 14 and 15, during interviews in preparation for the Buie trial, two other witnesses told the prosecutor that Canady had admitted to being involved in the robbery with Buie. The prosecutor explained that it was only then that probable cause to arrest Canady was established. He stated that an arrest order was issued on June 15, but that Canady was not located until June 22, at which time he was arrested.

The trial court denied the motion for mistrial. Buie was found guilty by the jury and was sentenced to 11–22 years. In a separate trial, preceded by a suppression hearing that explored in detail the circumstances of Canady's arrest, Canady was acquitted.

On his state appeal, Buie argued, *inter alia*, that the arrest of Canady violated his sixth amendment right to present a defense. However, the state appellate court unanimously affirmed his conviction without opinion, *People v. Buie*, 102 A.D.2d 1021, 476 N.Y.S.2d 229 (1st Dept.1984), and leave to appeal to the New York Court of Appeals was denied. *People v. Buie*, 63 N.Y.2d 704, 469 N.E.2d 105, 480 N.Y.S.2d 1029 (1984).

Buie then brought this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Upon referral to a magistrate, Buie and the government agreed that the state trial record and the record of Canady's suppression hearing provided sufficient evidence to determine the issue without further testimony. After considering that evidence, the magistrate found that Canady's proposed testimony would not have been material and that his arrest was not motivated by bad faith, and so recommended denying Buie's petition. The district court adopted the magistrate's report and denied the petition, stating that "petitioner had failed to demonstrate bad faith on the part of the State." This appeal followed.

## DISCUSSION

Buie asserts that the arrest of Canady in the midst of his own trial deprived him of his right to present a defense, in violation of the sixth amendment. Although he concedes that probable cause existed at the time of Canady's arrest, Buie contends that the timing of the arrest was motivated by the prosecutor's intent to interfere with Canady's exculpatory testimony at Buie's trial. Because of this intentional misconduct by the state prosecutor, Buie claims that his conviction should be overturned.

The right to present a defense, and its concomitant right to compulsory process, are not unqualified; they are subject to "countervailing public interests", *Taylor v. Illinois*, 484 U.S. 400, 414, 108 S.Ct. 646, 655, 98 L.Ed.2d 798 (1988), such as the state's responsibility for arresting and prosecuting suspected criminals. *See e.g., United States v. Valenzuela–Bernal*, 458 U.S. 858, 872–73, 102 S.Ct. 3440, 3449–50, 73 L.Ed.2d 1193 (1982) (United States' interest in faithfully executing immigration policy). To establish a violation of the right to present a defense based on lost evidence, a defendant must show that the evidence was material and exculpatory, and that it was "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984); *see Valenzuela*, 458 U.S. at 867, 102 S.Ct. at 3446; *United States v. Rastelli*, 870 F.2d 822, 833 (2d Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 515, 107 L.Ed.2d 516 (1989). Moreover,

unless the defendant can show bad faith on the part of the state, "failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); *Trombetta,* 467 U.S. at 488, 104 S.Ct. at 2533; *Valenzuela,* 458 U.S. at 872, 102 S.Ct. at 3449. Finally, the misconduct must demonstrate "that the absence of [fundamental] fairness infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." *Valenzuela,* 458 U.S. at 872, 102 S.Ct. at 3449. Against these requirements—materiality, bad faith, and lack of fundamental fairness—Buie's petition fails.

■ First, Buie claims that Canady would have testified that Buie was not one of the robbers, that the prosecutor knew the nature of the evidence, and that such evidence was material and exculpatory. Even assuming all that, however, Buie simply cannot show that Canady's later refusal to testify resulted in a deprivation or loss of that evidence.

At trial, Officer Smith, the officer on the robbery investigation, testified that Canady had exculpated Buie in a pre-trial interview. As a result, not only was the exculpatory evidence admitted at Buie's trial, it was offered by a police officer, and without any cross-examination of Canady, Buie's alleged accomplice. Even assuming then, that, absent the arrest, Canady would have testified and that his testimony would have been exculpatory and material, Buie was able "to obtain comparable evidence by other reasonably available means." Therefore, he cannot demonstrate that the state's arrest of Canady totally deprived him of this exculpatory and material evidence. *See United States v. Capozzi,* 883 F.2d 608, 614–15 (8th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1947, 109 L.Ed.2d 310 (1990) (presentation of the relevant evidence by alternative means is sufficient).

Next, Buie argues that, after failing to coerce Canady into testifying for the prosecution, the state in bad faith finally arrested him to prevent him from testifying for

Buie. The police acknowledged that after the robbery they spoke three times to Canady, who had been in the Model Cities office at the time. They became suspicious when he offered to attempt to locate and return walkie-talkies stolen from the office. However, they stated that between January and June of 1982 they did not contact Canady because they did not believe they had enough evidence to link him to the crime. Then, during the June 10 pre-trial interview, Canady told the prosecutor and the police that Buie was not a perpetrator of the crime.

In similar interviews with two other witnesses on June 14 and 15, both witnesses informed the prosecutor that Canady had admitted to them that he had planned and participated as an inside man in the robbery with Buie. The prosecutor claims that it was only at this point that there was probable cause to arrest and charge Canady as an accomplice. We agree with the state court in Canady's case, with the magistrate here, and with the district court below, all of whom found this version of the facts to be more reasonable than Buie's speculative spinning of ulterior motives.

Moreover, the magistrate found that the state had strong evidence against Buie at the time of trial and did not need Canady's testimony; that it had damaging material to cross-examine Canady, a convicted rapist and charged accomplice, if he chose to testify for Buie; that given the work load of state police officers, it was reasonable to believe that they did not expend much investigative effort until the pre-trial interviews suggested fruitful avenues; and that, although Buie claimed that the prosecutor and the police harassed and coerced Canady prior to his arrest, such claims were discredited at Canady's own pre-trial hearing, and ought not be credited.

In sum, there is no evidence to conclude that the reason for Canady's arrest was anything other than the prosecutor's determination of probable cause for believing that Canady participated in the robbery. Speculation such as that offered by Buie does not permit a determination of bad faith on the part of the prosecutor, much

less a conclusion that the district court's finding of no bad faith was clearly erroneous. On this record, appellant's effort to characterize the arrest of the witness as intimidation, governed by cases such as *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), and *United States v. Pinto*, 850 F.2d 927 (2d Cir.), *cert. denied*, 488 U.S. 867, 109 S.Ct. 174, 102 L.Ed.2d 143 (1988), is unavailing.

Buie also argues that there was probable cause to arrest Canady earlier than June, and that, even if there was not, the prosecutor should have waited to arrest him until Buie's trial was over, a mere two weeks. We cannot, however, second guess law enforcement's belief as to when probable cause first existed, so long as it is clear, as it is here, that probable cause did exist at the time of the arrest. Once probable cause exists, of course, law enforcement is legitimately empowered, but not required, to arrest the suspect. More importantly, "[p]rosecutors do not deviate from 'fundamental conceptions of justice' when they defer seeking indictments until they have probable cause to believe an accused is guilty." *United States v. Lovasco*, 431 U.S. 783, 790–91, 97 S.Ct. 2044, 2049–50, 52 L.Ed.2d 752 (1977). An investigative delay caused by a prosecutor's hesitancy to seek an indictment until he is persuaded he can successfully prosecute the suspect is reasonable and does not offend due process. *Id.* at 795, 97 S.Ct. at 2051. Thus, the timing of Canady's arrest is not sufficient to establish either bad faith or a violation of Buie's sixth amendment rights. *See Valenzuela*, 458 U.S. at 873, 102 S.Ct. at 3449 (deportation of alien witnesses alone not sufficient to find a violation).

Finally, even if Buie could show that the timing of Canady's arrest was improper, there still would be no basis for reversal because such an error did not "infect" the fundamental fairness of his trial. *See Id.* at 872, 102 S.Ct. at 3449. At Buie's trial, three eyewitnesses identified him as one of the perpetrators; another witness testified that she saw Buie with the stolen walkie-talkies and heard him joking about the robbery; Buie's defense was based on misidentification by the eyewitnesses and on

an alibi provided by a woman who said he was with her the afternoon of the robbery, in an apartment which proved to be within a one-minute walk from the Model Cities office; and the substance of Canady's exculpatory evidence was presented through Officer Smith for the jury's consideration. This evidence overwhelmingly supports Buie's guilt and provides no reason for concluding that testimony by an alleged accomplice, reiterating that given by Officer Smith, would have affected the judgment of the jury. *See Id.* at 874, 102 S.Ct. at 3450.

Affirmed.