# Matter of Hugo Heredia PEDROZA, Respondent

File A089 544 685 - Tacoma, Washington

*Decided August 13, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien's conviction for a crime involving moral turpitude does not render him ineligible for cancellation of removal under section 240A(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1)(C) (2006), if his crime is punishable by imprisonment for a period of less than a year and qualifies for the petty offense exception under section 212(a)(2)(A)(ii)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (2006). *Matter of Cortez*, 25 I&N Dec. 301 (BIA 2010), followed.

FOR RESPONDENT: Elizabeth L. Young, Esquire, Fayetteville, Arkansas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Ryan A. Kahler, Assistant Chief Counsel

BEFORE: Board Panel: ADKINS-BLANCH and GUENDELSBERGER, Board Members; KENDALL CLARK, Temporary Board Member.

ADKINS-BLANCH, Board Member:

In a decision dated August 17, 2009, an Immigration Judge denied the respondent's application for cancellation of removal under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (2006), but granted his request for voluntary departure. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded for further proceedings. The respondent's request to proceed on appeal in forma pauperis is granted under 8 C.F.R. § 1003.8(a)(3) (2010). *Matter of Chicas*, 19 I&N Dec. 114 (BIA 1984).

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Mexico, was placed in removal proceedings and charged with being inadmissible under section 212(a)(6)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), because of his entry without inspection in August 1994. The record reflects that he was convicted on February 20, 2001, on a plea of nolo contendere, in the

Superior Court of California, County of Los Angeles, of the offense of theft in violation of section 484(a) of the California Penal Code, a misdemeanor for which he was sentenced to serve 10 days in the county jail.

In her decision, the Immigration Judge found that the respondent satisfied the continuous physical presence and good moral character requirements for cancellation of removal under section 240A(b) of the Act, and she concluded that his removal would result in exceptional and extremely unusual hardship to his qualifying United States citizen child, who suffers from a mental disability. However, she found that he was statutorily precluded from establishing eligibility for cancellation of removal on account of his misdemeanor theft conviction, which the respondent failed to show was not for a crime involving moral turpitude. Thus, the Immigration Judge found that the respondent failed to demonstrate that he was not barred from cancellation of removal under section 240A(b)(1)(C) of the Act.

## II. ISSUE

The issue presented on appeal is whether an applicant for section 240A(b) cancellation of removal is barred from that relief under section 240A(b)(1)(C) of the Act where the applicant's conviction for a crime involving moral turpitude (1) falls under the petty offense exception and (2) carries a maximum penalty of less than 1 year. We review this question of law de novo and conclude that such a conviction does not bar the applicant from eligibility for cancellation of removal. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2010); *see also Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

## III. ANALYSIS

Section 240A(b)(1) of the Act, which sets forth the criteria to establish eligibility for cancellation of removal for certain nonpermanent residents, provides, in pertinent part, as follows:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—
> . . .
> (C) has not been convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3) . . . .

In her decision the Immigration Judge found that the respondent had not met his burden of proof because he failed to establish that his California misdemeanor theft conviction was not for a crime involving moral turpitude. Relying on *Matter of Almanza*, 24 I&N Dec. 771 (BIA 2009), the

Immigration Judge ruled that the respondent had thus failed to show that he was not barred from cancellation of removal under section 240A(b)(1)(C) of the Act. In *Almanza*, we held that an alien convicted of a crime involving moral turpitude has been "convicted of an offense under" section 237(a)(2) of the Act, 8 U.S.C. § 1227(a)(2) (2006), and is therefore ineligible for cancellation of removal under section 240A(b)(1)(C), regardless of his status as an arriving alien or his eligibility for a petty offense exception under section 212(a)(2)(A)(ii)(II) of the Act.

We have clarified our decision in *Almanza* in detail today in *Matter of Cortez*, 25 I&N Dec. 301 (BIA 2010). Although not expressly articulated in *Almanza*, implied in that decision and consistent with our related precedent decisions regarding the section 240A(b)(1)(C) bar is the requirement that for an offense to be "described under" section 237(a)(2)(A)(i) and render an alien ineligible for cancellation of removal pursuant to section 240A(b)(1)(C), all aspects of section 237(a)(2) relating to the criminal offense must be met. In other words, the alien must have been convicted of an offense that qualifies as a crime involving moral turpitude *and* the offense must be punishable by a sentence to imprisonment for a year or longer. Conversely, an alien who has been convicted of a crime involving moral turpitude for which the maximum sentence possible would be less than 1 year, and which qualifies under the petty offense exception, would not be convicted of an offense "described under" either section 212(a)(2) or section 237(a)(2) of the Act and would therefore not be barred from cancellation of removal under section 240A(b)(1)(C), if otherwise eligible. *Matter of Cortez*, 25 I&N Dec. at 307. In light of this clarification of *Almanza*, we now apply our rationale to the facts of this respondent's case.

### A. Offense Described Under Section 212(a)(2) of the Act

There is no dispute that the respondent's 2001 California "shoplifting" theft offense is a crime involving moral turpitude. *See Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008) (stating that petty theft under California law is a crime involving moral turpitude); *see also United States v. Esparza-Ponce*, 193 F.3d 1133, 1136-37 (9th Cir. 1999).

California law provides that the crime of theft is divided into two degrees, the first of which is termed grand theft and the second is petty theft. *See* Cal. Penal Code § 486 (West 2010). The offense of petty theft is ordinarily treated as a misdemeanor. *See People v. Terry*, 54 Cal. Rptr.2d 769, 770-71 (Cal. Ct. App. 1996); *see also* Cal. Penal Code §§ 484, 486, 488 (West 2010). Petty theft is "punishable by fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or both." Cal. Penal Code § 490 (West 2010). An offense punishable in this manner is,

by definition, a misdemeanor. Cal. Penal Code § 17(a) (West 2010) ("A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."). In California, "[e]xcept in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding one thousand dollars ($1,000), or by both." Cal. Penal Code § 19 (West 2010). The respondent's record of conviction reflects that he was convicted under section 484 of the California Penal Code for a misdemeanor theft offense.

The Immigration Judge found that because the respondent failed to show that his California theft crime is not an offense described under section 212(a)(2) of the Act, he came within the 240A(b)(1)(C) bar to cancellation. However, as the DHS has conceded on appeal, the California court's treatment of the respondent's offense as a "misdemeanor" theft places the crime within the "petty offense" exception in section 212(a)(2)(A)(ii)(II) of the Act. That section provides that an alien who has committed only one crime is not inadmissible under section 212(a)(2)(A)(i)(I) if (1) the maximum penalty possible for the offense does not exceed 1 year of imprisonment, and (2) the alien was not sentenced to a term of imprisonment in excess of 6 months, regardless of the extent to which the sentence was ultimately executed.

In this case, the respondent has committed only one crime, the maximum penalty possible for the offense does not exceed 1 year of imprisonment, and he was sentenced to 10 days' confinement in the Los Angeles County jail for that offense. Therefore, because his California theft conviction qualifies for the "petty offense" exception in section 212(a)(2)(A)(ii)(II) of the Act, he has not been convicted of an offense described under section 212(a)(2)(A)(i)(I). *See Matter of Garcia-Hernandez*, 23 I&N Dec. 590 (BIA 2003).

## B. Offense Described Under Section 237(a)(2) of the Act

As we clarified today in *Matter of Cortez*, 25 I&N Dec. 301, even though the "petty offense" exception prevents the respondent from having a conviction "described under" section 212(a)(2) of the Act, he must also demonstrate that his California theft conviction is not for an offense "described under" section 237(a)(2) of the Act. We find that the respondent has done so.

The provisions of section 237(a)(2) of the Act relating to crimes involving moral turpitude require that the conviction also be for "a crime for which a sentence of one year or longer may be imposed." Section 237(a)(2)(A)(i)(II) of the Act. As noted above, under California law, the respondent's misdemeanor theft offense is punishable by imprisonment in the county jail for a period not exceeding 6 months, or by fine not exceeding $1,000 dollars, or by both. *See* Cal. Penal Code § 19. Consequently, although the

respondent's misdemeanor theft conviction is for a crime involving moral turpitude, it is *not* for an offense described under section 237(a)(2) of the Act, because it is not a conviction for a crime for which a sentence of 1 year or longer may be imposed. *See* section 237(a)(2)(A)(i)(II) of the Act; *see also Matter of Cortez*, 25 I&N Dec. at 307.

## IV.  CONCLUSION

Because the respondent has not been convicted of an offense described under either section 212(a)(2) or 237(a)(2) of the Act, we conclude that he is not statutorily precluded from establishing his eligibility for cancellation of removal pursuant to section 240A(b)(1)(C).   Furthermore, since the Immigration Judge found that the respondent had otherwise met all of the statutory requirements for cancellation of removal under section 240A(b) of the Act, we will sustain his appeal and find him eligible for that relief. We also find that he merits a favorable exercise of discretion and that his application for cancellation of removal should therefore be granted. Accordingly, the record will be remanded solely for the required security checks.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  Pursuant to 8 C.F.R. § 1003.1(d)(6) (2010), the record is remanded to the Immigration Judge for the purpose of allowing the Department of Homeland Security to complete or update identity, law enforcement, or security investigations or examinations, for further proceedings, if necessary, and for the entry of an order, as provided by 8 C.F.R. § 1003.47(h) (2010).