10-0742-cr
*United States v. Magassouba*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand eleven.

PRESENT: RICHARD C. WESLEY,
         GERARD E. LYNCH,
         DENNY CHIN,
                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                  *Appellee,*

         -v.-                              10-0742-cr

MOUSTAPHA MAGASSOUBA,

                  *Defendant-Appellant.*

---

FOR APPELLANT:      JILLIAN S. HARRINGTON, Monroe Township,
                    NJ.

FOR APPELLEE:       NATALIE LAMARQUE, Assistant United States
                    Attorney (Daniel A. Braun, Assistant
                    United States Attorney, *on the brief*),
                    *for* Preet Bharara, United States Attorney
                    for the Southern District of New York,
                    New York, NY.

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Moustapha Magassouba appeals from a judgment entered on November 24, 2009 by the United States District Court for the Southern District of New York (Patterson, *J.*) following trial sentencing him to time served and three years' supervised release for conspiring to distribute and possess with intent to distribute at least one hundred grams but less than one kilogram of heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant raises five challenges, which we review in turn. First, Appellant contends that his conviction should be overturned because it is not supported by sufficient evidence. "A defendant challenging his verdict on sufficiency grounds bears a heavy burden." *United States v. Si Lu Tian*, 339 F.3d 143, 150 (2d Cir. 2003) (internal quotation marks omitted). "We must affirm a conviction if, viewing all the evidence in the light most favorable to the

2

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted). Appellant cannot meet this heavy burden. After a thorough review of the evidence presented at trial, we conclude that Appellant's sufficiency challenge fails.

Second, Appellant contends that the district court erred by admitting evidence related to (1) drug transactions involving cocaine and (2) the alleged co-conspirators other than Falou Ndiaye. We review evidentiary rulings for abuse of discretion, which we will find only if the district court "acted arbitrarily and irrationally," *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (internal quotation marks omitted). If the district court abused its discretion, we apply harmless error analysis. *United States v. Rea*, 958 F.2d 1206, 1219-20 (2d Cir. 1992). Here, the district court did not abuse its discretion in admitting the cocaine evidence because the cocaine transactions were intertwined with the heroin transactions and involved similar conduct. As to the co-conspirator evidence, even if admitted in error, this evidence was harmless in light of the weight of the evidence against Appellant and the

district court's explicit limiting instructions.

Third, Appellant contends that the district court erred in denying his motion to suppress the wiretap evidence. "[W]e grant considerable deference to the district court's decision whether to allow a wiretap, ensuring only that 'the facts set forth in the application were minimally adequate to support the determination that was made.'" *United States v. Concepcion*, 579 F.3d 214, 217 (2d Cir. 2009) (quoting *United States v. Miller*, 116 F.3d 641, 663 (2d Cir. 1997)). Before admitting wiretap evidence, a court must ensure that the wiretap interception was "conducted in such a way as to minimize the interception of communications not otherwise subject to interception." 18 U.S.C. § 2518(5). Once the Government has made a *prima facie* showing of good-faith compliance with this minimization requirement, the burden shifts to the defendant to show how compliance could have been better achieved. *United States v. Manfredi*, 488 F2.d 588, 599-600 (2d Cir. 1973). Here, the district court's finding that the government minimized in good faith was well supported, and Appellant has not shown how minimization could have been better achieved. Nor did the government fail to satisfy the required showing that alternative means

4

of investigation were unsatisfactory. The wiretap applications set forth at least six detailed explanations "as to whether or not other investigative procedures have been tried and failed or why they reasonably appear[ed] to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C § 2518(1)(c). Accordingly, the district court properly admitted the wiretap evidence at trial.

Fourth, Appellant disputes the admission of the heroin evidence in light of the fact that the actual heroin recovered in the government's investigation was destroyed prior to trial. We are unpersuaded. "To establish a violation of the right to present a defense based on lost evidence, a defendant must show that the evidence was material and exculpatory, and that it was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Buie v. Sullivan*, 923 F.2d 10, 11 (2d Cir. 1990) (internal quotation marks omitted). "Moreover, unless the defendant can show bad faith on the part of the state, 'failure to preserve potentially useful evidence does not constitute a denial of due process of law.'" *Id*. at 11-12 (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). Appellant does not

5

suggest that the evidence might have proved to be something other than heroin, and he submits no facts that would justify displacing the district court's determination that the government did not act in bad faith.

Finally, Appellant contends that the district court improperly denied his request for a multiple conspiracies charge. We review a district court's refusal to issue requested jury instructions *de novo*. *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005). A jury's conviction will not be vacated on appeal because of a failure to give a requested instruction unless such an instruction "was legally correct, represented a theory of defense with a basis in the record that would lead to acquittal, and the charge actually given was prejudicial." *United States v. Desinor*, 525 F.3d 193, 198 (2d Cir. 2008) (internal quotation marks, brackets, and citations omitted). "A refusal to give a multiple conspiracy charge does not prejudice [a] defendant where there was ample proof before the jury for it to find beyond a reasonable doubt that [the] defendant was a member of the conspiracy charged in the indictment." *United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir. 1997). Even assuming that Appellant's theory had a

valid basis in the record, Appellant is unable to establish substantial prejudice.  The district court instructed the jury that it could convict only upon finding that Appellant conspired with Ndiaye to distribute heroin.  As a result, Appellant could not have been convicted on the basis of evidence relating only to the alleged alternative conspiracies.

We have considered Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

```
                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk
```

7