Persaud v. Holder

BIA
A096 435 503

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of September, two thousand twelve.

PRESENT:
        JOSÉ A. CABRANES,
        PETER W. HALL,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

PATRICK PERSAUD,
        *Petitioner,*

        v.                                    10-3962
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Patrick Persaud, *Pro Se*, Hackensack, New Jersey.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Jennifer P. Levings, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Patrick Persaud, a native and citizen of Guyana, seeks review of an August 30, 2010, decision of the BIA denying his motion to reopen. *In re Patrick Persaud*, No. A096 435 503 (B.I.A. Aug. 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). It is well established that the BIA may deny an alien's motion to reopen on the basis that the alien failed to produce previously unavailable, material evidence. *See INS v. Abudu*, 485 U.S. 94, 104-05, 107 (1988); *see also Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).

Persaud argues that he did not have the requisite intent to commit the assault for which he was convicted in 1995, and that his assault conviction did not constitute a crime involving moral turpitude ("CIMT"). To the extent

2

Persaud challenges the validity of his assault conviction, we lack jurisdiction to consider this collateral attack on his criminal conviction.  *See Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009) (finding that petitioner's argument that the agency erred in relying on his guilty plea that was obtained in violation of his constitutional rights was without merit because a collateral attack on a conviction is not available in removal proceedings).  Moreover, contrary to Persaud's argument, the BIA did not err in finding that his conviction continued to constitute a CIMT in light of its recent decision in *Matter of Pedroza*, 25 I. & N. Dec. 312, 314 (BIA 2010), because his conviction was for an offense that carried a maximum sentence of one year of imprisonment, *see* N.Y. Penal Law §§ 120.00, 70.15(1).  *See Pedroza*, 25 I. & N. Dec. at 314 (standing for the proposition that, to constitute a CIMT, an offense "must be punishable by a sentence to imprisonment for a year or longer" and not fall under the petty offense exception).

Furthermore, as the BIA found, Persaud's pending motion to vacate his conviction is not a basis for reopening because it does not affect the finality of his conviction for immigration purposes.  *See* 8 C.F.R. § 1003.2 (requiring

3

that a motion to reopen present new, *material* evidence); *Montilla v. INS,* 926 F.2d 162 (2d Cir. 1991) (conviction is final upon conclusion of appellate review); *Matter of Ponce de Leon*, 21 I.& N. Dec. 154, 157 (A.G. 1997; BIA 1996, 1997) (noting that the pendency of a post-conviction motion or other form of collateral attack on a criminal conviction does not negate the finality of that conviction for immigration purposes).  Because Persaud did not present new, material evidence, the BIA did not abuse its discretion in denying his motion to reopen.  *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

4