Magassouba v. Holder
BIA
Page, IJ
A078 430 196

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand thirteen.

PRESENT:
>        Pierre N. Leval,
>        Robert A. Katzmann,
>        Peter W. Hall,
>             *Circuit Judges.*

_____

Moustapha Magassouba,
>        *Petitioner*,

>        v.                                          11-4982

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:            Moustapha Magassouba, *pro se*, New
                           York, NY.

FOR RESPONDENT:            Sarah L. Vuong, Stephen M. Elliott,
                           United States Department of Justice,
                           Civil Division, Office of
                           Immigration Litigation, Washington,
                           D.C.

UPON DUE CONSIDERATION of this petition for review of a decision by the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Moustapha Magassouba, a native and citizen of Guinea, seeks review of a November 3, 2011 order of the BIA. That order affirmed the May 27, 2011 decision of an Immigration Judge ("IJ"), which denied Magassouba's application for cancellation of his removal under section 240A(b)(1) of the Immigration and Nationality Act ("INA") and adjustment of status under INA § 245. *In re Magassouba*, No. A078 430 196 (B.I.A. Nov. 3, 2011), *aff'g* No. A078 430 196 (Immig. Ct. New York City, May 27, 2011). Magassouba also asks the Court to reconsider its denial of his motion to file an addendum to his reply. We assume the parties' familiarity with the underlying facts and procedural history of this case.

## I. Motion for Reconsideration

We turn first to Magassouba's request that we reconsider our decision not to permit him to file an addendum to his reply brief. In his proposed addendum, Magassouba provided information pertaining to his proposed

applications for asylum and for relief under the Convention Against Torture ("CAT"). Nonetheless, because Magassouba has been convicted of conspiring to distribute heroin—which is both an aggravated felony and a drug trafficking crime—he is ineligible for both asylum and CAT relief. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii) & (B)(I) (asylum); 8 C.F.R. § 1208.16(d)(2) (CAT relief). Accordingly, no additional information can help him to obtain the relief he seeks, and his motion for reconsideration is denied as futile.

**II. Adjustment of Status Under INA § 245**

Section 245(a) of the INA provides that the Attorney General may adjust the status of an alien, such as Magassouba, who was inspected or paroled into the United States, to that of a lawful permanent resident if, *inter alia*, "the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence." 8 U.S.C. § 1255(a). In other words, in order to be eligible for adjustment of status, an alien must be admissible to the United States at the time of adjustment. *See Varaghese v. Holder*, 629 F.3d 272, 275 (2d Cir. 2010). The agency determined that Magassouba was inadmissible under INA § 212(a)(2)(C) because, by virtue of his federal

3

narcotics conviction, Magassouba was an "alien who . . . the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance." 8 U.S.C. § 1182(a)(2)(C).

Magassouba asserts that the agency erred in relying on that conviction because it was not yet final when his application for adjustment of status was denied.[1] Nonetheless, we have previously noted that "the 'reason to believe' language [in § 1182(a)(2)(C)] evidences a clear Congressional intent not to limit inadmissability to those who have been . . . convicted of a drug trafficking offense." *Neptune v. Holder*, 346 F. App'x 671, 673 (2d Cir. 2009) (summary order) (some alterations and internal quotations marks omitted). Because a showing that does not include a conviction can provide the Attorney General with "reason to believe" that Magassouba has trafficked drugs, a not-yet-final conviction can do so as well. Therefore, the BIA did not err when, relying on Magassouba's narcotics conviction, it concluded that he was inadmissible under INA § 212(a)(2)(C).

---

[1] Magassouba's conviction is now final, as this Court affirmed the district court's judgment, *see United States v. Magassouba*, 433 F. App'x 10 (2d Cir. 2011), and the Supreme Court denied his petition for a writ of certiorari, *see Magassouba v. United States*, 132 S. Ct. 386 (2011).

**III. Cancellation of Removal Under INA § 240A(b)**

In order for an alien who is not a lawful permanent resident to establish his eligibility for cancellation of removal under INA § 240A, he must show, *inter alia*, that he "has not been convicted of an offense under . . . [8 U.S.C. §] 1227(a)(2)." 8 U.S.C. § 1229b(b)(1)(C). In order to be convicted of an offense described under § 1227(a)(2), the offense must qualify as a crime involving moral turpitude and must be punishable by a sentence of imprisonment of one year or longer. *See Matter of Cortez*, 25 I. & N. Dec. 301, 307 (BIA 2010); *see also* 8 U.S.C. § 1227(a)(2). Magassouba argues that the agency erred because his 1996 conviction for forgery in the third degree in violation of N.Y. Penal Law § 170.05 is neither a crime involving moral turpitude, nor one punishable by a sentence of at least one year of imprisonment.

Magassouba was convicted under N.Y Penal Law § 170.05, which provides that, "A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument. Forgery in the third degree is a class A misdemeanor." "[C]rimes in which fraud was an ingredient have always been regarded as involving moral turpitude."

*Jordan v. De George,* 341 U.S. 223, 232 (1951); *see also*

*Balogun v. Ashcroft*, 270 F.3d 274, 278-79 (5th Cir. 2001)

(noting that forgery is a crime of moral turpitude).  Thus,

the BIA did not err when it concluded that Magassouba has

been convicted of a crime of moral turpitude.

Moreover, contrary to Magassouba's argument that his

conviction was not punishable by at least one year of

imprisonment, New York law provides that a class A

misdemeanor, such as third degree forgery, is punishable by

a term of imprisonment of up to one year.  *See* N.Y. Penal

Law § 70.15(1).  Although Magassouba argues that the maximum

sentence for a class A misdemeanor is only one year, rather

than "one year or longer," 8 U.S.C. § 1227(a)(2)(A)(i)(II),

we have previously rejected this exact argument.  *See*

*Persaud v. Holder*, No. 10–3962, 2012 WL 4122930, at *1 (2d

Cir. Sept. 20, 2012) (summary order) ("[T]he BIA did not err

in finding that his conviction . . . constitute[d] a [crime

described in § 1227(a)(2)] . . . . because his conviction was

for an offense that carried a maximum sentence of one year

of imprisonment.").[2] Accordingly, Magassouba's conviction

_____

[2]  Magassouba cannot avail himself of the so-called "petty offense exception," *see generally* 8 U.S.C. § 1182(a)(2)(A)(ii)(II), because § 1229b(b)(1)(C) excludes aliens who were convicted of an offense described by either § 1182(a)(2) *or* § 1227(a)(2).  *See Matter of Pedroza*, 25 I. &

6

falls within the description of § 1227(a)(2).

## IV. Remaining Arguments

Next, Magassouba argues that the BIA erred in declining to remand his case to the IJ so that he could apply for asylum and CAT relief. Motions to remand are subject to the same substantive requirements as motions to reopen immigration proceedings, including the requirement that the "evidence sought to be offered is material." 8 C.F.R. § 1003.2(c); *Matter of Coelho,* 20 I. & N. Dec. 464, 471 (BIA 1992). For the reasons described above, Magassouba's drug conviction renders him ineligible for asylum and CAT relief, and thus he can present no evidence that is material to an application for such relief.

Finally, Magassouba's constitutional claims present no basis for granting him relief. He fails (1) to point to any specific instance in the record where he was denied a full and fair opportunity to present his claims, (2) to explain how he was otherwise deprived of a fundamentally fair hearing, or (3) to establish that he was prejudiced by the

N. Dec. 312, 314 (BIA 2010) ("[E]ven though the 'petty offense' exception prevents the respondent from having a conviction 'described under' section [1182](a)(2) of the Act, he must also demonstrate that his . . . conviction is not for an offense 'described under' section [1227](a)(2) of the Act."). As described above, Magassouba's offense is described under § 1227(a)(2).

7

alleged lack of due process. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008); *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007). Moreover, although Magassouba alleges that he received ineffective assistance of counsel during the early stages of his immigration proceedings, he fails to demonstrate that he was prejudiced by any of his counsel's purported errors. *See Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010) ("[A]n alien claiming ineffective assistance of counsel must also show prejudice resulting from counsel's alleged deficiencies.").

We have considered all of Magassouba's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review and motion for reconsideration are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8