12-2889-cr(L)
*United States v. Yaron, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fourteen.

Present:     BARRINGTON D. PARKER
             CHRISTOPHER F. DRONEY
             *Circuit Judges*.[1]

MICHAEL YARON, MOSHE BUCHNIK,
SANTO SAGLIMBENI, EMILIO A/K/A
"TONY" FIGUEROA, CAMBRIDGE
ENVIRONMENTAL & CONSTRUCTION CORP.,          **ORDER**
D/B/A NATIONAL ENVIRONMENTAL
ASSOCIATES, OXFORD CONSTRUCTION
& DEVELOPMENT CORP. and ARTECH CORP.,     Docket Nos. 12-2889-cr(L)
     *Defendants-Appellants*,               12-2940-cr (Con) 12-2972-cr (Con)
                                            12-2976-cr (Con) 12-3078-cr (Con)
          v.                                12-4556-cr (Con) 12-4685-cr (Con)

---

[1]      Judge Debra A. Livingston, originally assigned to this panel, recused herself. The appeal was decided by the remaining two members of the panel, who are in agreement as to the disposition, pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 46(d).

UNITED STATES OF AMERICA,

     *Appellee*.

| | |
|---|---|
| Appearing for Appellants: | Lisa A. Mathewson, Law Offices of Lisa A. Mathewson, LLC, Philadelphia, PA; Marc Agnifilo, Brafman & Associates, P.C., New York, NY; Neil S. Comer, White Plains, NY; Aidan P. O'Connor, Pashman Stein, P.C., Hackensack, NJ |
| Appearing for Appellee: | Nickolai G. Levin (Stephen J. McCahey, Mary Anne F. Carnival, John W. Van Lonkhuyzen, John J. Powers, III, *on the brief*), *for* William J. Baer, Assistant Attorney General, United States Department of Justice, Antitrust Division, Washington D.C. |

Appeal from judgments of conviction in the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION**, it is **ORDERED, ADJUDGED, AND DECREED** that the judgments are hereby affirmed.

Defendants Michael Yaron, Moshe Buchnik, Santo Saglimbeni, Emilio A/K/A "Tony" Figueroa, Cambridge Environmental & Construction Corporation, doing business as National Environmental Associates ("Cambridge"), Oxford Construction & Development Corporation ("Oxford") and Artech Corporation ("Artech") appeal from judgments of conviction for wire fraud and conspiracy to commit wire fraud. 18 U.S.C. §§ 1343, 1346, and 1349.[2] Defendants raise a number of issues on this consolidated appeal: (1) there was insufficient evidence to support the jury's verdict; (2) the admission of certain audio recordings violated the Confrontation Clause; (3) the District Court erred in denying their motion for a new trial based on a denial of their rights to due process and compulsory process; (4) the District Court erred in calculating their offense levels under the Sentencing Guidelines; and (5) the Government violated its *Brady* obligations. We affirm. We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[2]     On June 10, 2014, this Court granted the motion of Defendants Saglimbeni and Artech to withdraw their appeal.

2

**DISCUSSION**

### A. Sufficiency of the Evidence

Defendants Buchnik and Figueroa contend that there was insufficient evidence at trial that the payments made to Saglimbeni and Artech constituted "kickbacks" for work awarded to the other Defendants. *See United States v. Yaron*, No. S2 10 Cr. 363(GBD), 2012 WL 2477646 (S.D.N.Y. June 28, 2012). Figueroa also challenges the sufficiency of the evidence supporting his conviction for participating in the wire fraud conspiracy.

"We review *de novo* a challenge to the sufficiency of the evidence and affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008) (internal quotation marks omitted). "A defendant challenging the sufficiency of the evidence bears a heavy burden, because the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011).

We conclude that the evidence introduced at trial was sufficient to support the convictions. There was evidence that, *inter alia*, payments were made in exchange for the awarding of air monitoring and asbestos abatement contracts and that payments were directed to Saglimbeni's company (Artech) in a manner calculated to conceal their sources. The Government's evidence also included Figueroa's recorded statements that Saglimbeni "was writing them req[uisitions], so they could write him checks" and that the conspiracy should be hidden from law enforcement officials. Joint App'x 1046, 1049-50. Viewing this evidence in its totality and in the light most favorable to the Government, a rational jury could have found beyond a reasonable doubt that the payments to Saglimbeni and Artech were kickbacks and that Figueroa was a knowing participant in the conspiracy and benefitted from it.

### B. Sixth Amendment Confrontation Clause

Defendants contend that the District Court's decision to admit David Porath's recorded statements violated the Confrontation Clause because they were inadmissible testimonial statements. *See Crawford v. Washington*, 541 U.S. 36 (2004). It is well settled that a cooperator's "statements on [a] body wire recording are not within the 'core class of testimonial statements' described in *Crawford*." *United States v. Burden*, 600 F.3d 204, 225 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 953 (2011) (neither statements of the accused, nor of a confidential source, on a surreptitious recording, qualify as "testimonial statements"). Porath's recorded statements provided context for Figueroa's admissions. Although Porath might have been aware that the recordings could be used at a later trial, his primary purpose was to elicit inculpating admissions by Figueroa, not to accuse the Defendants of wrongdoing. *See Burden*, 600 F.3d at 225. The admission of the recordings thus did not violate the Confrontation Clause. Moreover, in light of the extensive evidence

adduced at trial regarding the existence of the conspiracy and the Defendants' roles therein, any erroneous admission of these statements would have been harmless error.

Defendants further contend that the recordings were inadmissible hearsay and did not fall under an exception to hearsay as co-conspirator statements in furtherance of a conspiracy. "In general, statements of co-conspirators in furtherance of a conspiracy are non-testimonial." *United States v. Logan*, 419 F.3d 172, 178 (2d Cir. 2005). While both the declarant and the party against whom the statement is offered must be members of a conspiracy, the person to whom the statement was made need not be if he has knowledge of the conspiracy. *United States v. Beech-Nut Nutrition*, 871 F.2d 1181, 1199 (2d Cir. 1989). Figueroa's statements on the recordings were admissible against him as party admissions under Rule 801(d)(2)(A) and against the other Defendants as statements in furtherance of a conspiracy under Rule 801(d)(2)(E). Porath's statements were not admitted for their truth, but as context to show what had been adopted, or responded to, by Figueroa and, consequently, also were not hearsay.

### C.     Compulsory Process and Due Process

Defendants further argue that the District Court abused its discretion in denying the Defendants' motion for a new trial on grounds that they were denied their rights to due process and to compulsory process. *See Yaron*, 2012 WL 2477646, at * 4. The District Court found that the Defendants had failed to prove any of the three elements of a Compulsory Process Clause claim – namely, bad faith on the part of the Government; a plausible showing that the testimony would have been material and favorable; and a showing that the trial was fundamentally unfair. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 868 (1982); *Buie v. Sullivan*, 923 F.2d 10, 12 (2d Cir. 1990). We agree.

As the District Court correctly found, the Defendants did not establish that the Government acted in bad faith by delaying Porath's return to this country, or that the Government purposefully misled the Defendants regarding his whereabouts. In any event, the record does not indicate that the Defendants ever sought to call Porath as a witness and the Defendants have not proffered any specific testimony that Porath would have given that would have been "favorable." Thus, the District Court correctly concluded that the Defendants failed to carry their burden of proving materiality and favorability and we see no reason to find that Porath's testimony would have affected the verdict, given the substantial evidence of guilt adduced by the Government.

### D.     Loss Calculation at Sentencing

Defendants also argue that the District Court erred in determining the appropriate loss amount. *See* U.S.S.G. § 2B1.1.[3] The District Court found that the hospital suffered a loss from the wire fraud conspiracy, but that the precise amount of the loss could not be

---

[3]     The District Court sentenced Yaron principally to 60 months of imprisonment and Buchnik principally to 48 months of imprisonment. After Saglimbeni and Figueroa pled guilty to Counts Three and Four, they were sentenced principally to 48 months of imprisonment and 36 months of imprisonment, respectively.

4

reasonably determined. Applying Application Note 3(B) to U.S.S.G. § 2B1.1, the District Court calculated the loss using the amount of kickbacks or Defendant Saglimbeni's gain (in the amount of $2.4 million) as an alternative measure.

Defendants contend that Saglimbeni's gain is an inappropriate loss amount because there was no evidence that the hospital lost money, *i.e.* that the Defendants overbilled or that the hospital contracted for work that was not performed or was not performed satisfactorily. Again, we disagree because, at trial, the Government adduced substantial evidence to the contrary. That evidence established that, *inter alia*, (1) the conspirators effectively passed on at least one of the kickback payments to the hospital by including it in their accounting for a construction contract; (2) the Defendants manipulated the bidding process; and (3) because of the kickbacks, Saglimbeni had an incentive to give contracts to the other Defendants without considering whether competitors would do the same quality of work for less money. Accordingly, we find no reason to disturb the District Court's determination of the applicable loss amount.

### E.     Brady Violation

On June 16, 2014, this Court ordered the Government to produce all documents in its possession concerning Porath's extradition and availability as well as prior statements that he made as a cooperating witness. The case was remanded to the District Court for *in camera* review of the documents to determine whether any of the documents contained *Brady* material that should have been disclosed to the Defendants. The District Court was to determine whether the documents altered its decision to deny the Defendants' Rule 33 motion. On October 15, 2014, the District Court concluded, following *in camera* review of all the documents, that "none of the documents reviewed contain *Brady* material, and that the content of the documents does not alter the Court's June 28, 2012 decision to deny the Defendants' Rule 29 and Rule 33 motions." The mandate for this case was recalled on October 16, 2014. Since the documents revealed no favorable information for the Defendants and their non-disclosure fails to meet the standard for a *Brady* violation, we also affirm the District Court's conclusion that there were no *Brady* violations. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).[1]

The Court has considered Defendants' remaining arguments and finds them to be without merit.

---

[1]     We also deny the Defendants' motion for supplemental briefing on these issues.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the judgments of conviction.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court